# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| DAWN WENTWORTH, | Case No. 21-cv-01940-BAS-AGS |
|---|---|
| Plaintiff, | **ORDER:** |
| v. | **(1) GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (ECF No. 2);** |
| U.S. DISTRICT COURT, | |
| Defendant. | **(2) DENYING MOTION TO APPOINT COUNSEL (ECF No. 3); AND** |
| | **(3) DISMISSING COMPLAINT** |

On April 16, 2021, Ms. Dawn Wentworth, on her own behalf and on behalf of her two children, Yaw Appiah and Journee Hudson, filed 74 complaints in this federal district court. Many of these complaints are duplicative, suing the same defendants with the same allegations. The Court issued an order consolidating most of the cases. (Case No. 21-cv-00757-BAS-AGS, Electronic Case Filing ("ECF") No. 5.) The Court also issued an order setting a hearing to discuss Ms. Wentworth's many lawsuits. (*Id.*, ECF No. 8.) Ms. Wentworth did not appear at the hearing. (*Id.*, ECF No. 10.)

In November 2021, Ms. Wentworth filed more than a dozen additional lawsuits, including this matter against the District Court. Ms. Wentworth moves to proceed *in forma*

*pauperis* ("IFP") and for appointment of counsel.  (ECF Nos. 2, 3.)  For the following reasons, the Court grants the request to proceed IFP, denies the motion to appoint counsel, and dismisses the action with prejudice.

## I.  Motion to Proceed *In Forma Pauperis*

Under 28 U.S.C. § 1915, a litigant who because of indigency is unable to pay the required fees or security to commence a legal action may petition the court to proceed without making such payment.  The determination of indigency falls within the district court's discretion.  *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"), *rev'd on other grounds*, 506 U.S. 194 (1993).  It is well-settled that a party need not be completely destitute to proceed *in forma pauperis* ("IFP")—without paying the filing fee.  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).  To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life."  *Id.* at 339.  At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar."  *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

Having read and considered Ms. Wentworth's IFP motion, the Court finds that she meets the requirements in 28 U.S.C. § 1915 for IFP status.  Ms. Wentworth has two children and lists expenses exceeding her income.  She is not employed and has minimal assets.  Under these circumstances, the Court finds that requiring Ms. Wentworth to pay the court filing fees would impair her ability to obtain the necessities of life.  *See Adkins*, 335 U.S. at 339.  Therefore, the Court **GRANTS** Ms. Wentworth's request to proceed IFP.

## II. Appointment of Counsel

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Tr. Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. U.S. District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1) to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004); *accord Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Here, Ms. Wentworth seeks appointment of counsel because she argues she lacks funds to hire an attorney and has no legal training. (ECF No. 3.) Having reviewed Ms. Wentworth's request, the Court concludes there are not "exceptional circumstances" warranting an appointment in this case. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2004). Therefore, the Court **DENIES** Ms. Wentworth's Motion for Appointment of Counsel.

## III. Screening of Complaint

Because she is proceeding IFP, Ms. Wentworth's Complaint is subject to screening. Under 28 U.S.C. § 1915(e)(2)(B)(i), the court must dismiss an action where the plaintiff is proceeding IFP if the court determines that the action "is frivolous or malicious." An IFP complaint "is frivolous if it has 'no arguable basis in fact or law.'" *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984)). A court must also dismiss an action where it "seeks monetary relief against a

defendant who is immune from such relief." For instance, a complaint is properly dismissed where judicial immunity bars the claims. *See Moore v. Burger*, 655 F.2d 1265, 1266 (D.C. Cir. 1981) (affirming sua sponte dismissal of complaint against defendant justices).

The Complaint alleges Ms. Wentworth's due process rights were violated because her "civil right[s] violation cases" filed in April 2021 with the District Court "were not filed after a change of custody." (Compl. 2, ECF No. 1.) Ms. Wentworth seeks $100 million in damages. However, as mentioned above, over 70 cases were opened by the district court for Ms. Wentworth around that time.

The Court finds the Complaint does not survive screening under 28 U.S.C. § 1915(e)(2)(B). It is both frivolous and seeks relief against a defendant who is immune from such relief. Therefore, the Court will dismiss this action with prejudice.

**IV.   Conclusion**

For the foregoing reasons, the Court **GRANTS** Ms. Wentworth's Motion to Proceed IFP. (ECF No. 2.) The Court **DENIES** Ms. Wentworth's Motion to Appoint Counsel. (ECF No. 3.) The Court **DISMISSES WITH PREJUDICE** the Complaint under 28 U.S.C. § 1915(e)(2)(B). The Clerk of Court shall enter judgment and close this case. Finally, the Court directs the Clerk to place a Do Not File ("DNF") tag on this case.

**IT IS SO ORDERED.**

**DATED: November 22, 2021**

Hon. Cynthia Bashant
United States District Judge